UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE ANGEL HERNANDEZ-MARTINEZ,

    Petitioner,

v.                                                   CASE NO: 8:05-CV-1616-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

    THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate (Dkt. #1) filed pursuant to 28 U.S.C. §2255. The Court has undertaken a preliminary review of the motion and the prior proceedings in the underlying criminal case[1] as required by Rule 4 of the rules governing Section 2255 proceedings for the United States District Courts. After doing so, the Court concludes that the Motion is due to be summarily denied without any evidentiary hearing because it plainly appears from the face of the Motion that Petitioner is entitled to no relief. Consequently, the Court needs no response from Defendant.

    As the Plaintiff acknowledges, he was indicted on August 19, 2003, for the offense of illegally re-entering the United States, in violation of 18 U.S.C. §1326(a) and (b)2. On September 30, 2003, Defendant, without a plea agreement, entered a guilty plea to the aforesaid charge. On January 23, 2004, Petitioner was sentenced to eighty-seven months

---

[1] See case number 8:03-cr-348-T-30TBM.

imprisonment, followed by three years of supervised release.  He then appealed to the Eleventh Circuit Court of Appeal and his appeal was denied.  United States v. Hernandez-Martinez, 382 F.3d 1304 (11th Cir. 2004).

In support of his Motion to Vacate, Petitioner raises three grounds of ineffective assistance of counsel:

1. Trial counsel failed to advise the Defendant that he had a right for the jury to determine the nature of Defendant's prior convictions beyond a reasonable doubt.

2. Trial counsel failed to preserve Defendant's right to have the jury determine whether such prior convictions were valid aggravated felonies.

3. At the sentencing hearing, trial counsel failed to object to the mandatory nature of the federal sentencing guidelines and failed to argue that the entire guideline system should be "reviewed as advisory instead of mandatory."

Each of the grounds raised by Petitioner are directly contrary to established case law in this Circuit.  As to Petitioner's first claim, the Eleventh Circuit has held that a district court does not err by relying on prior convictions to enhance a defendant's sentence.  There is no "right" to have a jury perform this function.  United States v. Cantellano, 430 F.3d 1142 (11th Cir. 2006).

As to the second claim, the Eleventh Circuit has held that a trial court, not a jury, is to determine the qualitative nature of a defendant's prior convictions for sentencing purposes. United States v. Greer, 435 F.3d 1327, 1335-36 (11th Cir. 2006) ("[t]here is no reason the Constitution would permit a judge to decide whether the person the conviction documents

describe was the defendant but forbid the judge from deciding what type of crime those same documents describe . . . . If a judge may determine the facts about which the defendant has been convicted, a judge may determine the facts about the type of crime for which he was convicted.").

As to the third claim, the Eleventh Circuit has held that it is not ineffective assistance of counsel to fail to make arguments based on predictions on how the law may develop. United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001) ("In this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel.").

Therefore, since it is apparent from the face of the Petition that none of the three claims has merit, the Petition will be summary denied.

It is therefore ORDERED AND ADJUDGED that:

1. The Petition (Dkt. #1) is denied.

2. The Clerk is directed to enter judgment against Petitioner and in favor of Respondent, terminate all pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on March 2, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel/Parties of Record